PER CURIAM.
This appeal, filed by South Central Bell Telephone Company, challenges the Alabama Public Service Commission order of August 28, 1981, which order decreased the Company’s telephone intrastate long distance toll rates.
Because of our holding of mootness, a detailed recital of the background procedures leading up to the order here under attack is not necessary. Suffice it to say that the August 28 order, by its terms, became effective “within three days”; and on September 4,1981, in a general rate case (separate and distinct from the instant case and now pending on appeal), the Commission, by written order formalizing its prior findings, denied the Company’s application for stay of its rate decrease order in toto and ordered “a reduction in local residential rates by approximately $2,317,000 annually based on the number of residential customers at March 31, 1981,” and further ordered that “all schedules of rates and services filed, approved and in effect on August 28, 1981 (except those for local residential rates) shall remain in effect and are therefore not affected by this order.”
The Attorney General, who initiated both the rehearing and the original petition that ultimately resulted in the order here appealed from, candidly conceded during oral argument that, except for the three-day interval between the effective date of the instant order and the Commission’s September 4, 1981, general rate case order, the latter order mooted and rendered ineffective the August 28 order. He further acknowledged that the amount of refund involved for the three-day period was so miniscule in amount as to be impractical to collect, but insists that we address the merits of the appeal and render an opinion for its precedential value.
Judicial restraint compels us to refrain from addressing the merits of the challenged order. The record is clear that the Commission’s September 4 order in the Company’s general rate case embraced the whole of the subject matter spoken to by the Commission in its order here under review. The three-day period between the two orders has the effect of reducing the amount in controversy to such a de minimis status as to render the instant order totally ineffective and, thus, moot.
Consequently, the Commission’s August 28, 1981, order is due to be, and hereby is, reversed; and the cause is hereby rendered.
REVERSED AND RENDERED.
All the Justices concur.